IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LAKEISHA SIMMONS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:22-cv-683-CWB |
| | ) |
| **SUSAN WOJCICKI,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   Background**

Lakeisha Simmons filed this action in the Circuit Court of Montgomery County, Alabama, and proceedings were removed to this court by Susan Wojcicki. (Doc. 1; Doc. 1-1 at pp. 6-7). The core allegation is that Simmons was harassed by third parties on YouTube and that YouTube failed to terminate or ban those third parties from its internet platform. (Doc. 1-1 at p. 6). The sole named defendant is Susan Wojcicki, who at all relevant times was the CEO of YouTube. (*Id*.).

The record reflects that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00 exclusive of interest and costs, thereby giving rise to subject matter jurisdiction under 28 U.S.C. §1332. (*See* Doc. 1 at p. 2). Pursuant to 28 U.S.C. § 636(c), the parties have consented to jurisdiction by a United States Magistrate Judge. (Docs. 10 & 11).

Wojcicki has raised two grounds for dismissal: (1) that Simmons failed to plead sufficient facts to establish a *prima facie* case of personal jurisdiction; and (2) that Simmons failed to plead sufficient facts to state a claim upon which relief can be granted. (Doc. 12). By Order entered January 18, 2023, the court directed Simmons to show cause as to why the Motion to Dismiss should not be granted. (Doc. 13). Simmons was specifically instructed therein to include certain factual details in her response:

1

> Plaintiff is specifically instructed to include within her response any basis for establishing personal jurisdiction over Susan Wojcicki.  *See* Ala. R. Civ. P. 4.2(a)(2).  Plaintiff additionally is instructed to include "a short and plain statement of the claim showing that [she] is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  In so responding, Plaintiff should clearly identify the legal theories (including citations to any applicable federal, state, or local laws) pursuant to which she seeks relief and should include specific factual allegations about Susan Wojcicki's personal conduct (*i.e.*, what actions Susan Wojcicki took that constitute the claims(s) being alleged).

(*Id.*).  Simmons subsequently filed a response (Doc. 18), to which Wojcicki submitted a formal reply (Doc. 19).

## II.   Standard of Review

The standard for dismissal under Rule 12(b)(2) for lack of personal jurisdiction has been set out as follows:

> The plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant.  *See S & Davis Intern., Inc. v. The Republic of Yemen,* 218 F.3d 1292, 1303 (11th Cir. 2000).  When the issue of personal jurisdiction is decided on the briefs and accompanying evidence, but without a discretionary evidentiary hearing, a plaintiff satisfies his or her burden by demonstrating a "*prima facie* case of jurisdiction." *Francosteel Corp., Unimetal–Normandy v. M/V Charm, Tiki, Mortensen & Lange,* 19 F.3d 624, 626 (11th Cir. 1994); *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990).  A plaintiff establishes a *prima facie* case by submitting evidence sufficient to defeat a motion for judgment notwithstanding the verdict. *See DeLong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir. 1988). Consonant with that standard of review, the court construes the allegations in the complaint as true if they are uncontroverted by affidavits or deposition testimony.  *See Bracewell v. Nicholson Air Serv., Inc.,* 748 F.2d 1499, 1504 (11th Cir. 1984). The Eleventh Circuit has explained on more than one occasion that, "[i]f a plaintiff pleads sufficient material facts to establish a basis for personal jurisdiction and a defendant then submits affidavits controverting those allegations, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction[,] unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Whitney Information Network, Inc. v. Xcentric Venture, LLC,* Slip No. 06–11888, 2006 WL 2243041, *3 (11th Cir. Aug. 1, 2006) (quoting *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002)).  If the evidence conflicts, the court makes reasonable inferences in favor of the plaintiff, particularly when the jurisdictional questions are seemingly intertwined with the merits of the case.  *See DeLong,* 840 F.2d at 845.

*Maximum Efficiency Squared, LLC v. Samsara Works, Corp.*, No. 2:14cv1214, 2015 WL 5053758, *3 (M.D. Ala. Aug. 26, 2015) (quoting *Ashton v. Florala Mem. Hosp.*, 2006 WL 2864413, *2 (M.D. Ala. Oct. 5, 2006)); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996).

Rule 12(b)(6) alternatively permits a court to dismiss an action for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

**III.   Discussion**

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for a directed verdict." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). And determining whether personal jurisdiction exists over a defendant is a question of law for the court. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

The Eleventh Circuit has explained that a trial court's evaluation of personal jurisdiction requires a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, the court must consider whether personal jurisdiction exists under the state long-arm statute. *Id.* Second, and if the first prong of the analysis is satisfied, the court then must determine whether "sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). Because Alabama's long-arm statute has been held as extending to the full limits of due process, the first prong of the analysis effectively collapses into the second. *See Sloss Indus. Corp. v. Euisol*, 488 F.3d 922, 925 (11th Cir. 2007).

Here, Simmons has failed to plead sufficient facts to make a *prima facie* showing that an exercise of personal jurisdiction over Wojcicki would satisfy the requirements of due process. It is axiomatic that "[c]onsiderations of due process require that a non-resident defendant have certain minimum contacts with the forum." *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Although general jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum state, *id.* at 1292 (citation omitted), the Complaint alleges no contacts whatsoever between Wojcicki and the state of Alabama. The absence of any alleged contacts with the state of Alabama likewise precludes a finding of specific jurisdiction, *i.e.*, Simmons has pled no facts to indicate that her claims "arise out of [Wojcicki's] activities in the forum" and that Wojcicki "purposefully avail[ed] [herself] of the privilege of conducting activities within the forum," *id.* at 1291 (citations omitted).

The only facts Simmons has alleged in regard to Wojcicki is that she is the CEO of YouTube and that YouTube failed to ban or terminate the accounts of third parties who allegedly harassed Simmons online. Even construed most favorably to Simmons, and with all reasonable inferences drawn in her favor, those allegations are woefully inadequate to establish a *prima facie* case of personal jurisdiction as to Wojcicki. *See id.* (internal citations omitted) ("The requirement that there be minimum contacts is grounded in fairness. It assures that the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there."), cert. denied, 534 U.S. 827, 122 S.Ct. 66, 151 L.Ed.2d 33 (2001) (internal quotation marks and citation omitted). *See also World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)) ("The foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.").[1]

Moreover, even if Simmons could meet her burden of establishing personal jurisdiction over Wojcikci, the Complaint nonetheless fails to state any recognized cause of action upon which relief could be granted against Wojcicki. In its January 18, 2023 Order, the court specifically instructed Simmons to "clearly identify the legal theories (including citations to any applicable federal, state, or local laws) pursuant to which she seeks relief and … include specific factual

---

[1] It should be noted that Simmons cannot predicate personal jurisdiction on any contacts that YouTube might have with the state of Alabama—as only Wojcicki is named as a defendant in the Complaint. *See Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 784 (11th Cir.2004) ("A nonresident individual cannot be subject to personal jurisdiction based solely upon acts in Georgia taken in his or her corporate capacity."), *abrogated on other grounds by Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 620 S.E.2d 352 (2005), *as recognized in Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1258–59 & n.7 (11th Cir. 2010); *see also South Alabama Pigs, LLC v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252, 1260 (M.D. Ala. 2004)("When dealing with a corporate officer in his individual capacity, personal jurisdiction may not be predicated upon jurisdiction over the corporation itself.") (internal quotation marks and citation omitted).

allegations about Susan Wojcicki's personal conduct (*i.e.*, what actions Susan Wojcicki took that constitute the claims(s) being alleged)." (Doc. 13). Despite that directive, the response submitted by Simmons failed to reference any cognizable legal theory. (Doc.18). Not only that, Simmons has continued to refer generally to the alleged corporate conduct of YouTube rather than any individualized conduct by Wojcicki. (Doc. 18).

In short, the Complaint is filled with vague factual allegations not tethered to any type of federal, state, or local legal duty. Such characteristics have been deemed insufficient "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (internal quotation marks and citation omitted). Stated differently, the Complaint contains precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient by the United States Supreme Court to state a plausible claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

## IV.   Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the pending Motion to Dismiss (Doc. 12) is **GRANTED** and that all claims asserted in this action are **DISMISSED** without prejudice.

**DONE** this the 14th day of March 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**